**E-FILED**
Wednesday, 23 August, 2006  03:33:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

THEODORE LUCZAK,
    Plaintiff,

    vs.                                        No. 06-1193

EDDIE JONES, et.al.,
    Defendants

CASE MANAGEMENT ORDER

The plaintiff, a state prisoner, has filed a motion to proceed in forma pauperis, but he has not filed a complaint. Instead, he has filed an "Ex Parte Petition for Permanent Injunction Seeking Temporary Restraining Order." [d/e 2]  The plaintiff says he has not exhausted his administrative remedies, but needs the court to issue an injunction directing the "defendants" to provide additional medical care for his "major headaches" and allow him access to his legal documents. (Plain. Mot, p. 3, 5)

The plaintiff has not filed a proper motion. "The purpose of a preliminary injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). The plaintiff has no lawsuit pending and has not filed a complaint with his motion.

The plaintiff is correct that he cannot file a lawsuit pursuant to 42 U.S.C.§1983 until he has fully exhausted his administrative remedies. *See* 42 U.S.C. §1997e(a).  It is clear that one of the principal purposes of the exhaustion requirement is to afford prison officials the first opportunity to resolve an inmate's claims before a  lawsuit is filed in federal court. The plaintiff cannot sidestep this requirement by filing a motion for preliminary injunction.

The motion is denied. [d/e 2]  The court will also vacate the text order granting the plaintiff's motion to proceed in forma pauperis since the plaintiff did not file a complaint with this court.  *See* August 8, 2006 Text Order.

In addition, the court notes that the plaintiff has had three prior lawsuits dismissed for failure to state a claim upon which relief could be granted.   The plaintiff will not be allowed to proceed in forma pauperis in any future lawsuit without clearly demonstrating that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The plaintiff is also reminded that failure to inform the court of his three strikes status could result in the dismissal of any future lawsuits. *See Sloan v. Lesza*. 181 F.3d 857, 859 (7th Cir. 1999)

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for a temporary restraining order is denied. [d/e 2]**

**2) The clerk is directed to vacate the August 8, 2006 text order granting the plaintiff's motion to proceed in forma pauperis.  The clerk is also directed to deny the plaintiff's motion to proceed in forma pauperis.  This is not a proper motion since the plaintiff has not filed a complaint with this court. [d/e 1]**

**3) The clerk of the court is directed to terminate this proceeding.**

**4) Inasmuch as the plaintiff has three strikes for filing frivolous law suits, and failed to inform the court that he was instituting proceedings even though he had three strikes against him, it is appropriate to assess the usual filing fee against him and direct the Illinois Department of Corrections to withhold that amount as it becomes available from his trust account and transmit it to the Clerk of this court until the entire fee is paid.  Therefore, the agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**5) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**6) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this _23rd_____ day of August, 2006.

s/ Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

2